IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JASON DUCYLOWYCZ,

                      Plaintiff,

  v.                                       OPINION and ORDER

BEGERT STAINLESS, INC.,                   26-cv-82-jdp

                      Defendant.

---

Plaintiff Michael Jason Ducylowycz, proceeding without counsel, alleges that his employer, defendant Begert Stainless, Inc., disciplined him and terminated his employment because of Ducylowycz's religion. Ducylowycz brings religious discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964.

Ducylowycz proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Ducylowycz's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss Ducylowycz's complaint for failure to state a plausible claim for relief, but I will allow him to amend the complaint to fix that problem.

ALLEGATIONS OF FACT

Begert Stainless maintained an "employer-endorsed religious environment." Dkt. 1 at 1. Ducylowycz did not share Begert Stainless's religious beliefs. Ducylowycz was disciplined and

terminated, and his termination was based on his police report. An unspecified statement was made by the production manager, Allen Fischer.

## ANALYSIS

**A. Religious discrimination claim**

As a general rule, to state a claim for employment discrimination, a "plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 829 (7th Cir. 2017). But "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Conclusory and speculative allegations don't plausibly suggest discrimination based on a protected class like religion. *See Miao v. United Airlines, Inc.*, 164 F.4th 622, 625–26 (7th Cir. 2026). Stating a plausible claim for relief "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ducylowycz alleges that Begert Stainless endorsed a religious environment, but he doesn't describe this conduct, identify which Begert Stainless employees participated in it, or say when it happened. Ducylowycz also alleges that his termination was based on his police report, but he doesn't describe the contents of the report or say when he made it. In addition, Ducylowycz alleges that Fischer made a statement, but he doesn't describe the statement, say when he made it, or explain how the statement suggests religious discrimination. Without more facts, I cannot plausibly infer that Ducylowycz was mistreated because of his religion. I will not allow Ducylowycz to proceed on his religious discrimination claim.

**B. Retaliation claim**

As a general rule, to state a Title VII retaliation claim, the plaintiff must allege that his employer took adverse action against him because he complained internally, or filed an EEOC charge, about mistreatment. *See Gove v. Sargento Foods, Inc.*, 860 F. App'x 446, 448 (7th Cir. 2021); *Marquardt v. McDonough*, No. 21-cv-393-wmc, 2023 WL 2163073, at *2 (W.D. Wis. Feb. 22, 2023). The complaint of mistreatment must relate to a class that Title VII protects, such as race, sex, or religion. *Giese v. City of Kankakee*, 71 F.4th 582, 591 (7th Cir. 2023).

Ducylowycz alleges that he made a police report. This fact alone doesn't plausibly suggest that he complained internally, or filed an EEOC charge, about mistreatment based on his religion. I will not allow Ducylowycz to proceed on his retaliation claim.

CONCLUSION

I will allow Ducylowycz to file an amended complaint that fixes the above pleading problems. The amended complaint must be filed on the court's nonprisoner complaint form, which the court will send him with this order. If Ducylowycz needs additional space, he may include no more than five supplemental pages.

In drafting his amended complaint, Ducylowycz should remember to:

- Name his employer as the defendant, and take care to allege what his employer's employees did, or failed to do, to violate his rights.
- Ducylowycz should avoid referring to several employees together. For instance, if more than one employee has taken a particular action that Ducylowycz

3

believes supports a claim against his employer, he should identify each employee who took that action.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Jason Ducylowycz's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until March 12, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

7. Plaintiff is to be sent a copy of the court's nonprisoner complaint form.

Entered February 10, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge