IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JASON DUCYLOWYCZ,

Plaintiff,

v.

BEGERT STAINLESS, INC.,

Defendant.

ORDER

26-cv-82-jdp

---

Plaintiff Michael Jason Ducylowycz, representing himself, moves the court for two forms of relief: (1) an order for his former employer, defendant Begert Stainless, Inc., to preserve transaction records from a scheduled liquidation auction; and (2) a status conference. Dkt. 18. This order resolves the pending motion, and it instructs Ducylowycz on how to file a motion for default judgment.

The court begins with the background. Ducylowycz alleged in an amended complaint that Begert Stainless denied him a promotion and terminated his employment because of his religion and a complaint about religious discrimination. Dkt. 6. The court allowed Ducylowycz to proceed on religious discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964. Plaintiff mainly sought back pay, front pay, compensatory damages, and punitive damages. *See* Dkt. 6 at 5.

The U.S. Marshal filed a return of service stating that process was served on the registered agent of Begert Stainless, Scott Begert. Dkt. 13. Begert Stainless did not answer, so the clerk entered default. Dkt. 16. The court then notified Ducylowycz that it would send him instructions on how to file a motion for default judgment. Dkt. 17.

Meanwhile, Ducylowycz filed his motion for a preservation order and a status conference. The court denies the first request, for an order to preserve auction transaction records, for three reasons. First, a preservation order is unnecessary because Begert Stainless already has a duty to preserve relevant evidence while this lawsuit is pending. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). A preservation order could potentially be appropriate if there were a serious risk of destruction of relevant evidence, but Ducylowycz hasn't shown that to be the case. That a liquidation auction will be held does not, without more, support that determination. Even if business assets are liquidated, those funds will presumably be deposited with financial institutions, and records of those deposits should be available in the future.

Second, a preservation order would be premature because the court has yet to enter a default judgment in Ducylowycz's favor. He has yet to show that he's entitled to the damages that he seeks in the amended complaint.

Third, Ducylowycz's proposed preservation order is overbroad. He hasn't explained how knowing who bought what asset for what price would be necessary to collect a potential future judgment for damages. To the extent plaintiff needs to investigate Begert Stainless's (and potentially Scott Begert's) assets after judgment is entered, there is a post-judgement discovery process for that. *See* Fed. R. Civ. P. 69.

The court turns to the second request for relief, a status conference. The court denies this request as unnecessary. The court is denying Ducylowycz's request for a preservation order, and this order contains instructions on how to seek default judgment. The court's paper orders contain sufficient information for Ducylowycz to proceed in this case.

That leaves the issue of instructing Ducylowycz on how to file a motion for default judgment. A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff on each claim on which the court has allowed the plaintiff to proceed. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). But even when a default judgment is warranted based on a party's failure to defend, "the allegations in the complaint with respect to the amount of the damages are not deemed true." *Id.* Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* A default judgment may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Accordingly, the court will give Ducylowycz until July 29, 2026 to file a motion for default judgment. Ducylowycz must support his motion for default judgment with an affidavit and other evidence sufficient for the court to determine the amount of damages with reasonable certainty. Once Ducylowycz has filed a properly supported motion for default judgment, the court will decide whether to rule on the motion based on the paper record or to schedule a damages hearing.

## ORDER

IT IS ORDERED that:

1. Plaintiff Michael Jason Ducylowycz's motion for a preservation order and a status conference, Dkt. 18, is DENIED.

2. Plaintiff has until July 29, 2026, to file a motion for default judgment in accordance with the instructions provided in this order.

3. Copies of this order are to be mailed to plaintiff, and to the three addresses for Begert Stainless and Scott Begert listed on the U.S. Marshal's return of service. *See* Dkt. 13.

Entered July 9, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR